IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**THOMAS JONES, JR.**,

    Plaintiff,

v.

**CITY OF HILLSBORO,** et al.,

    Defendants.

Case No. 3:14-cv-1934-ST

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation in this case on August 28, 2015. Dkt. 27. Judge Stewart recommended that the Washington County Defendants' Motion to Dismiss (Dkt. 17) be DENIED as to the § 1983 claim against Deputy Dunn and GRANTED as to the negligence claim against Washington County with leave to replead. Judge Stewart further recommended that Defendants City of Hillsboro, Officer Pace and Officer McCarver's Motion to Dismiss (Dkt. 19) should be: (1) DENIED as to the § 1983 claim against Officers McCarver and Pace based on the initial detention and length of detention, but GRANTED as to the claim based on an unreasonable search with leave to replead;

(2) DENIED as to the false imprisonment claim against the City of Hillsboro; and

(3) GRANTED as to the negligence claim with leave to replead.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Dkt. 29. Plaintiff objects and requests that he be allowed to replead his "wrongful seizure" claim "absent a search component." Plaintiff's objection is puzzling, because Judge Stewart only recommended granting Defendants' motions with respect to the alleged unlawful search and did not recommend granting Defendants' motions with respect to Plaintiff's alleged unlawful seizure. Thus, Plaintiff's claim that his person was wrongfully seized survives the motions to dismiss. Nonetheless, if Plaintiff wishes to file an amended complaint to provide further factual detail relating to his alleged unlawful seizure, Plaintiff may request leave from Judge Stewart.

The Court has reviewed *de novo* those portions of Judge Stewart's Findings and Recommendation to which Plaintiff has objected. The Court agrees with Judge Stewart's reasoning regarding Plaintiff's alleged unlawful search, seizure, and detention and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not

PAGE 2 – ORDER

otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Stewart's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Stewart's Findings and Recommendation, Dkt. 27. The Washington County Defendants' Motion to Dismiss (Dkt. 17) is DENIED as to the § 1983 claim against Deputy Dunn and GRANTED as to the negligence claim against Washington County, with leave to replead. Defendants City of Hillsboro, Officer Pace and Officer McCarver's Motion to Dismiss (Dkt. 19) is: (1) DENIED as to the § 1983 claims against Officers McCarver and Pace based on the seizure and detention of Plaintiff's person, but GRANTED as to the claim based on an unreasonable search, with leave to replead; (2) DENIED as to the false imprisonment claim against the City of Hillsboro; and (3) GRANTED as to the negligence claim, with leave to replead.

**IT IS SO ORDERED.**

DATED this 29th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER